THE OCEAN STEAMSHIP COMPANY *v.* CHEENEY.

95  381
109  455

This court having adjudicated, at the October term, 1893, that upon the facts then appearing it was error to grant a nonsuit, and the plaintiff at the last trial having by his evidence made substantially the same case, a verdict in his favor, after its approval by the trial judge, will not be disturbed.

February 5, 1895.

Action for damages. Before Judge MACDONELL. City court of Savannah. July term, 1894.

LAWTON & CUNNINGHAM, for plaintiff in error.

SAUSSY & SAUSSY, *contra*.

LUMPKIN, Justice.

This case has twice already been before this court. On the first trial in the city court, there was a verdict for the plaintiff, and this court reversed a judgment refusing to grant a new trial. 86 *Ga.* 278. It appeared from the evidence then before this court, that a hatch-tender had been stationed at the hatchway for the purpose of warning the persons in the hold below, engaged in storing the cotton with which the ship was being loaded, to stand aside when a bale was about to be thrown down, and that the plaintiff was injured by a bale of cotton of the throwing down of which the hatch-tender negligently failed to give any warning. This court held, that inasmuch as the hatch-tender was a fellow-servant of the plaintiff, engaged in the same business, the latter could not recover for injuries occasioned by the negligence of the former; and this was all that was then decided. The next trial in the city court resulted in a nonsuit, and the plaintiff brought the case to the October term, 1893, of this court. 92 *Ga.* 726. The evidence as it then appeared in the record differed essentially in a most material particular from the evidence adduced at the first trial. In the brief of evidence before us at the term last mentioned, nothing appeared from which it could

be inferred that a hatch-tender had been employed at all, or that any person acting in that capacity was in fact stationed at, or ordered to attend, the hatchway. In view of this fact, the case upon its merits was not at all the same as when it made its first appearance before this court; and we held that the court erred in granting a nonsuit, which was, in effect, an adjudication that on the facts then before us a verdict for the plaintiff could be sustained. At the third trial in the city court, there was a verdict in his favor, and the evidence in support of it was substantially the same as on the last preceding trial. This being so, it is perfectly consistent with the decision reported in the 92d *Georgia*, to affirm the judgment of the trial court refusing to set the verdict aside.

There is no special necessity to review and compare the evidence introduced, respectively, on the last two trials. It was earnestly insisted that the first decision rendered by this court adjudicated that there could be no legal recovery in behalf of the plaintiff. This is true only so far as that decision relates to the evidence then under consideration, but certainly this court has never decided that there could be no recovery upon an essentially different state of facts. At the first trial, the plaintiff endeavored to recover upon evidence showing negligence on the part of his fellow-servant, the hatch-tender. On the last two trials, he rested his right to recover upon the alleged negligence of the company in failing altogether to supply a hatch-tender; and, in our opinion, each time supported his contention by at least enough evidence to warrant the jury in finding that such negligence existed and occasioned the injuries of which he complained.    *Judgment affirmed.*