Texas and Pacific Railway Co. v. J. F. McManus.

Delivered December 5, 1896.

**1. Railway Company—Handcar Left at Public Crossing—Test of Negligence.**

Where plaintiff's horse became frightened at a handcar, with some tools and clothes thereon, left on the railway track near a public crossing, the railway company was not liable for the injuries resulting from such fright, unless the car, with the clothes and tools on it, was an object such as would ordinarily frighten an ordinarily gentle horse, and the refusal of a charge presenting such issue was error.

**2. Public Crossing—User Sufficient.**

Where a railway company permits the public generally to use a part of its track as a public crossing, without protest, it must use such care there to avoid injuring persons as the particular circumstances require, although such crossing be not a public road either by order of the Commissioners Court or by prescription.

Appeal from the County Court of Van Zandt. Tried below before Hon. R. B. Whitten.

*M. H. Gossett*, for appellant.—1. The court erred in failing to give to the jury defendant's special requested charge No. 5, referring to the subject of negligence by defendant's agent in leaving a handcar near the alleged public crossing on defendant's right of way, as appears by reference to said charge. [See the Opinion.]

2. Although the public may have used the crossing where this accident occurred for about two years, yet if the railroad did not ratify and approve the use by the public during this time, such use by the public would not constitute a dedication or prescription, and would not make such crossing a public road. Mere non-interference or permission is not sufficient to constitute said crossing a public road; and with such as the proven facts in the case, the defendant was not liable. Evans v. Land Co., 81 Texas, 622; Floyd v. Turner, 23 Texas, 292; Bounds v. County Judge, 63 Texas, 159; Railway v. Railway Co., 86 Texas, 537; Cunningham v. San Saba County, 1 Texas Civ. App., 480; Hamilton County v. Garrett, 62 Texas, 609.

*Kearby & Greer*, for appellee.—The public character of a road or crossing may be established from the fact and extent of public use alone, without reference to any particular time. The intent on the part of the owner with reference to the use of the crossing, as a public crossing, may be presumed from his continued acquiescence in its continued use as such. 35 Am. & Eng. R. R. Cas., 364; Railway v. McNeil, 30 S. W. Rep., 369; Railway v. Taylor, 31 S. W. Rep., 214.

FINLEY, Associate Justice.—J. T. McManus sued the Texas and Pacific Railway Company in February, 1894, for $985, alleged damages to himself, horse and wagon, caused from the runaway of his team hitched to a delivery wagon in Grand Saline January 6, 1894, throwing

plaintiff to the ground, producing serious physical injuries, breaking his wagon and injuring the horse. Defendant was charged with responsibility for such damage by reason of the act of its section foreman in leaving a handcar, on which were some tools and clothing, near an alleged public road on the right of way of defendant's railroad in the town of Grand Saline. Plaintiff alleged that his horse took fright at the said handcar and ran away, to the damage of plaintiff as above stated.

Defendant, after demurrers and general denial, answered that its handcar was not near a public road, as described by plaintiff, but was at a point on its right of way where it had a right to be, and that no public road had ever been established by the county commissioners' court anywhere in the neighborhood of where defendant's handcar was located; and specially answering so much of plaintiff's amended petition as undertook to set up the establishment of a public road by reason of its dedication to the public use by prescription, defendant denied that as to defendant or otherwise there was a public road, and that in so far as plaintiff sought to set up such public road by reason of its use by the public, or by any means other than its establishment by order of the commissioners court, plaintiff undertook to set up a new cause of action, and defendant specially pleaded the statute of limitation of one year.

Trial at the January term, 1896, resulted in a judgment for plaintiff in the sum of $200, from which judgment defendant appeals.

On the trial of the cause appellant's counsel requested the following special charge, which was refused by the court: "The jury is instructed that before defendant would be liable for damages resulting from the fright and runaway of plaintiff's horse, at scare from handcar, the plaintiff should show that said handcar was such a thing as was ordinarily calculated to frighten a horse, and that under the circumstances in proof, it was negligence on the part of defendant's agents to leave the said handcar at the place it was left. If the proof shows that there was nothing unusual in the appearance of the handcar, and not ordinarily calculated to frighten ordinarily gentle horses, then the defendant company would not be liable, although you may find that in fact the horse did get frightened at the said handcar."

The general charge of the court nowhere presented this issue to the jury. The effect of the court's charge to the jury is, if the railway employes left the handcar near the crossing of a public road and the plaintiff's horse became frightened at it and ran away, throwing plaintiff out of the vehicle and injuring him, that the railway company would be liable. In other words, the court, in effect, charged the jury that it would be negligence on the part of the employes of the railway company to leave a handcar with tools, buckets and some clothing on it near a crossing of a public road, and if the plaintiff's horse became frightened at it and he was thereby injured, that the railway company would be liable.

It has been so frequently announced by our Supreme Court that it is improper for a trial court in its charge to the jury to treat a fact or state of facts as negligence which are not made so by statute, that we deem it unnecessary to discuss the proposition. We cannot say, and the trial court had no right to say, that the hand-car was such a thing as that the employes leaving it near the road might reasonably expect it to give fright to a horse passing along the highway. As an abstract proposition, the railway employes had a right to leave the hand-car upon the right of way, unless it was such an object as might reasonably be expected to frighten horses coming near it, and it would not be negligence to leave it near a public highway. The court should have given the special charge requested.

Appellant raises the question, that the alleged road near which the hand-car was left standing, was not in contemplation of law, a public road, in that it had not been regularly dedicated as such by legal authority, nor had it been used as a public road for a sufficient length of time to become such a public road by prescription.

So far as the rights of these parties are concerned, it is not necessary that the road should have been a public road in either sense. If it was so used by the public, with the knowledge of the railway company and its employes, and without protest on their part, the law would impose upon them such a degree of care as was suggested by the particular circumstances. If they knew that the public was using this place as a travel way and public crossing for horses and vehicles, they would not have the right to leave objects near it which a reasonably prudent person should know would cause fright to animals passing along such a public way.

With these indications of our views upon the issues properly involved in the case, we apprehend that the case may be properly presented to a jury upon another trial.

On account of the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*