## WOODSON v. JOHNSTON & COMPANY LIMITED.

1. An employer is liable in damages for physical injuries to an employee resulting from the negligence of one who was the general superintendent of the business of the former, and who, on the occasion when the injuries were sustained, was acting as the employer's alter ego and not in the capacity of a fellow-servant of the person injured.
2. Though the petition in an action for such injuries alleged that they were received while the plaintiff was working in the hold of a ship, it was not essential to set forth its name or the names of his colaborers, or to aver that the defendant was responsible for the negligence of the latter, the time, place, and manner of the occurrence giving rise to the cause of action being by means of other allegations sufficiently stated.

Submitted November 11, — Decided December 8, 1899.

Action for damages. Before Judge Atkinson. City court of Brunswick. May 20, 1899.

*Max Isaac*, for plaintiff. *W. G. Brantley*, for defendants.

LUMPKIN, P. J. An action for damages was brought in the city court of Brunswick, by Woodson against William Johnston

& Company Limited. The petition made, in substance, the following case: The defendants were engaged in running a line of steamships from Brunswick to European ports, in the course of which they employed the plaintiff to work as a laborer in loading with cotton one of their ships at their dock in the city of Brunswick. They employed a superior officer, known as the "walking boss," who had power to hire and discharge men, and who also exercised a general superintendence over the hands engaged in loading the defendants' ships. It was his duty, when about to change the working crew of any steamer from one position to another in the course of loading a vessel, to first notify the gang working in the hold of his intention to make such change, in order that one of the laborers in the hold, known as the "header," might have an opportunity to notify the new crew of laborers, employed on the deck above, not to throw down or lower any cotton until directed so to do — to the end that the gang below might not be subjected to injury. On a day named in the petition, a bale of cotton was thrown into the hold of the ship, and the plaintiff was thereby crushed and seriously injured. The hurt thus occasioned him was caused by the negligence of the "walking boss" in the "changing of the crew on deck . . without notice or warning to the men in the hold below, . . and in replacing said deck crew with a new crew that was composed of green men who knew nothing of the work that they were about," one of whom threw down the bale of cotton by which the plaintiff, who was one of the men employed in the hold, was injured. The conduct of the "walking boss" in this respect was in gross violation of his duty and the direct cause of the injury inflicted upon the plaintiff.

The defendants demurred to the petition generally and specially; their demurrer was sustained, and the plaintiff excepted.

With respect to the general demurrer, we think it sufficient to say that the petition set forth a cause of action. The case closely resembles that of *Cheeney* v. *Ocean Steamship Company*, 92 *Ga.* 726, 95 *Ga.* 381, and the principle of the decision therein rendered is controlling here.

The grounds of the special demurrer were, that the petition

failed to allege the name of the ship in the hold of which the plaintiff was engaged at work; that it failed to state the name of the "walking boss" referred to therein; and also that it failed to give the names of the "green" men composing the new crew, or to aver how the defendants were in any way responsible for the carelessness of these men. The plaintiff amended his petition, alleging that he did not know the name of the particular vessel upon which he was injured, for the reason that, being an ordinary laborer, he paid no attention to the names of the various ships of the defendants' line coming into and departing from the port of Brunswick; also, that he did not know the full name of the "walking boss," but that he was generally known as "Charleston" and was so called by the laborers; and further, that the plaintiff was unable to ascertain the names of any of the "green" men composing the new crew. In view of the amendment, we do not think there was any merit in any of the grounds of the special demurrer. The name of the ship was entirely immaterial, for the occasion upon which the plaintiff's alleged injuries were sustained was sufficiently identified by the other allegations of the petition as to the date of the occurrence and the location of the vessel at the time thereof. Omitting to give the name of this vessel was of no more consequence, indeed, than would be a failure to give the name or number of a particular locomotive belonging to a defendant railway company, where an action for damages was brought for injuries caused by its running or that of a train propelled by it. Certainly, the defendants were clearly enough informed of what "walking boss" was referred to, after the filing of the amendment alleging that he was generally known as "Charleston." Nor were the names of the "green" crew, or of the particular member thereof who threw down the bale of cotton upon the plaintiff, essential to be alleged. As already remarked with reference to the name of the ship, the defendants could not, taking the declaration as a whole, have been left in uncertainty as to the time, place, and manner of the wrong complained of. The plaintiff alleged his inability from ignorance to give the names of the men; and in view of the evident good faith with which he endeavored to give to

the defendants all the specific information within his power, his petition as amended should certainly be regarded as sufficient. The pregnant fact, to wit, that the plaintiff was injured by the act of a "green" employee against whose negligent or thoughtless conduct the defendants had failed to take proper precautions to protect the plaintiff, as it was their legal duty to do, was distinctly alleged. The names of all the employees engaged at work, at the time specified, upon the vessel then loading at their dock were, in contemplation of law at least, fully known to the defendants; and whether or not, as alleged, one of these employees actually injured the plaintiff in the manner described could, doubtless, have been easily ascertained by the defendants, to the end that they might be able to properly prepare their defense to the action. Besides, it is pertinent to remark in this connection, the plaintiff's cause of action was not predicated upon this man's negligence, but upon that of the "walking boss," who was, under the circumstances alleged, the alter ego of the defendants, present at the time and representing them on the occasion when the plaintiff suffered the injuries of which he complains.

*Judgment reversed. All the Justices concurring.*