## McLARTY v. SOUTHERN RAILWAY COMPANY.

The material question in this case being whether the infant for whose homicide the suit was brought was of such age and capacity as that his conduct on the occasion in question amounted to want of due care, and there being evidence that he was dull at school and subject to fits, the question as to whether his conduct amounted to want of due care so as to defeat a recovery by the plaintiff for his homicide was a matter for determination by the jury under proper instructions from the court, and it was error to grant a nonsuit.

Submitted July 18,—Decided December 15, 1906.

Action for damages. Before Judge Bartlett. Douglas superior court. November 22, 1905.

*Lawton Nally* and *H. W. Nally,* for plaintiff.

*Hugh M. Dorsey,* for defendant.

ATKINSON, J. This was an action brought by a grandmother for the loss of services of a grandchild in consequence of the homicide of such child by a railway company. The petition alleges that the parents of the child are dead, and that during their lifetime the mother gave the child to the grandmother, and that the father assented to this. While there appears in the record a demurrer to the petition, there is no cross-bill complaining of any ruling on this demurrer, and it is not for us, at this time, to determine whether the case is well laid so far as the right of the grandmother to recover is concerned. The only question involved in a motion for nonsuit is whether the evidence proves the case as laid. The case proceeds upon the theory that the grandmother is entitled to recover for the loss of services of the child which would have been rendered during his minority, just as if the action had been brought by a parent.

The deceased was a boy 13 years of age, and was killed by a train of the defendant at a public crossing, the train being run at the time in violation of the blow-post law. There was thus not only a presumption of negligence against the railroad, but direct proof of negligence. The defendant would be liable, unless it is relieved under the rule that the plaintiff can not recover for the reason that the deceased was not in the exercise of ordinary care and diligence for his protection after the negligence of the defendant became apparent. It appears from the testimony of an eye-witness that the deceased was running towards the crossing in a diagonal direction, and, when he reached a point 8 or 10 feet from the crossing,

he stopped and looked in the direction in which the train was coming, and saw the train, which was then in full view about 30 yards from the crossing. The deceased then ran again fast towards the crossing, ran upon the track, crossed the first rail and the middle of the track, and was struck by the engine as he was passing the second rail on the opposite side of the track. The question as to what degree of diligence should be exercised by the deceased was dependent upon his age and capacity. There was some evidence that the deceased was a dull boy at school, and that he was sometimes subject to fits. The care and diligence required of an infant of tender years is not fixed by any invariable rule with reference to the age of the infant or otherwise. It depends upon the capacity of the particular infant, taking into consideration his age as well as other matters. These are all questions for determination by the jury. See 3 Michie's Dig. 559(aa), 561(cc), and cit.; *Manchester Mfg. Co.* v. *Polk,* 115 *Ga.* 542-545. In each case it is to be determined whether an infant of the age and capacity of the one in question would, under the circumstances of the case, be chargeable with negligence on account of his conduct at the time of the transaction under investigation. In this case the infant was shown to be dull at school and subject to fits. If the deceased had been an adult, there would be no question that his death was due to his own recklessness, and that there could be no recovery as a consequence of the homicide. Whether his being dull and subject to fits would relieve him from a duty to take care of himself which would be required of an infant more intelligent and free from infirmity is a matter not to be determined by the court, but by the jury under proper instructions from the judge. The judge erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*