## CHARLES BLACK, APPELLANT, v. CENTRAL RAILROAD COMPANY, RESPONDENT.

Argued November 27, 1912—Decided November 17, 1913.

A landowner whose conduct is such as to induce members of the public to use a private way under the belief that it is a public street owes to them the same duty as if such way were in fact a public street.

---

On appeal from the Circuit Court.

This was an action for damages for personal injuries in which a verdict for the defendant was directed at the trial. The declaration is that defendant operated a railroad track over a certain public street or highway, commonly called Johnson avenue, at grade; that it became the duty of the railroad company by reason of the extraordinary danger, due to obstruction of view, to give reasonable notice and warning not only by the ringing of the bell or blowing of the whistle as required by the statute, but also by other signals or extra precaution by means of a flagman or gates, or otherwise; that the plaintiff, an infant, sustained injuries in a collision with defendant's engine while proceeding along said highway. The negligence averred is that defendant failed to sound a whistle or ring a bell as provided by the statute and failed to give any warning of the approach of said engine and failed to have at said crossing any flagman or other servant or any warning device of any nature or kind whatsoever and failed and neglected in any manner to notify plaintiff of the approach of said engine.

The place of accident was within the terminal yard of the defendant at Communipaw, where the railroad property, extending on both sides of a roadway, is connected by cross-over tracks at several points, at one of which crossings the collision took place. The crossing in question is between five hundred and one thousand feet westerly from the docks and ferry of the defendant and nearly half a mile distant from the entrance to the railroad property from the west. The roadway which connects with Johnson avenue, a street of Jersey City, and continues it through the railroad property, has existed for very many years, and affords a way to the docks and ferries of the defendant. There was evidence of the constant use of such way by such of the public as had occasion to use it, and no proof that anyone was prevented from using it.

The railroad company originally built the road. About four or five years ago the road was paved with granite blocks by the railroad company at its own expense, and is main-

tained by the railroad company at its own expense. The road is lighted with electric lights paid for by the railroad company. The pavement is repaired from time to time by the railroad company at its own expense. The road is also sprinkled and cleaned from time to time by the railroad company at its own expense, and for the past twenty-five years has been policed by the police of Jersey City. At the points where the railroad tracks cross this roadway watchmen are regularly stationed and maintained by the defendant.

The plaintiff, a boy of fifteen, was employed by the United States Express Company under a contract similar to that passed upon in the case of *Dodd* v. *Central Railroad Co.,* 51 *Vroom* 56.

On the evening of the accident, having finished work for the day, the plaintiff started to drive his team to the company's stable. The facts concerning the accident, stated most favorably to the plaintiff, as they must be where a verdict for the defendant has been directed, are that as the plaintiff drove his team along the roadway known as Johnson avenue he approached a railroad crossing, and when near to it stopped his team and listened for approaching trains, and hearing nothing to indicate such approach, he started on and crossed the first track, and had nearly cleared the second when his wagon was struck by a locomotive engine proceeding from behind some sheds on the north side of the track. This engine was running in a southerly direction and no bell was rung or whistle sounded until immediately before the engine struck the wagon. There was no flagman at the crossing to warn the plaintiff. There was contradictory testimony as to all of these matters, and at the close of the case counsel for the defendant moved for the direction of a verdict on three grounds—*first,* that the plaintiff was a mere licensee upon the private property of the defendant as to whom no actionable negligence had been shown; *second,* that there was no evidence that the place where the accident happened was a public highway, and *third,* contributory negligence. The motion was granted and the plaintiff took this appeal.

For the appellant, *Warren Dixon.*

For the respondent, *McDermott & Enright.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff was injured while driving along a way which, if not a street, had very much the appearance of one. It was a continuation of a city street. It was paved like a street. It was lighted and sprinkled like a street. It was patroled by the city police like other streets, and where it was crossed by railroad tracks flagmen were stationed as is customary at street crossings. All of these things, with the exception of the police patrol, were the acts of the defendant. If, therefore, the way in question presented the appearance of being a street, the defendant had created such appearance and was therefore responsible for the consequences, one of which was that persons generally might use the way in the belief that it was what it appeared to be. As to such users the liability of the defendant, arising out of the appearance so created by it, would be the same as if such street actually was what it appeared to be, under the rule that "one who holds out a way as a public street is liable." 29 *Cyc.* 454.

Such liability is based not upon the landowner's dedication of the street and its acceptance by the public, but upon the appearances he has created, so that the question for the jury is not whether such acts of the owner were proof of an intention to dedicate a public street, but whether they had created an appearance calculated to induce the public to use the way in the belief that it was what it appeared to be.

Although the fundamental principle that underlies this doctrine is that of estoppel, it is generally treated under the head of *implied* invitation, thereby distinguishing it from express or inferred invitation, which is limited to those having business with the owner of lands or upon his premises.

The general doctrine of implied invitation is thus stated in one of our own cases—*Furey* v. *New York Central and Hudson River Railroad Co.,* 38 *Vroom* 270: "Implied invitation is part of the law of negligence by which an obligation to use

reasonable care arises from the conduct of the parties; its essence is that the defendant knew or ought to have known that something that he was doing or permitting to be done might give rise in an ordinarily discerning mind to a natural belief that he intended that to be done which his conduct had led the plaintiff to believe that he intended." Hence, in the present case, if the defendant ought to have known that by giving to its private way the appearance of a public street it might give rise to the natural belief that it intended the way to be so used by the public, the doctrine stated is applicable to such facts and inferences as a jury might have found from the testimony.

This doctrine is aptly illustrated in a Massachusetts case (*Holmes* v. *Drew,* 151 *Mass.* 578), which was an action for personal injuries sustained by the plaintiff upon land belonging to the defendant not dedicated as a public sidewalk but made to resemble one. The facts were these: The defendant owned a lot fronting on a public street of Boston. The building on this lot, in common with those on adjoining lots, had been set back from the street line and a brick sidewalk laid by such owners in the intervening space. In front of the defendant's building this sidewalk was nowhere less than eight feet wide, of which but eight inches were included within the limits of the street, the remainder being entirely upon the defendant's land. This entire sidewalk was so constructed by the defendant as apparently to constitute a public sidewalk with nothing to indicate any difference or line of separation between what was public and what was private. The plaintiff was injured by loose bricks that had been permitted to remain in a condition dangerous to pedestrians on the part of the walk that was on the defendant's private property.

Dealing with the question of the defendant's liability upon this state of facts, the court said: "The jury might have inferred from the facts stated that the defendant laid out and paved the sidewalk on her own land in order that it should be used by the public as a sidewalk of the street and allowed it to remain apparently the part of the street that was in-

tended to be used by foot passengers. This would amount to an invitation to the public to enter upon and use as a public sidewalk the land so prepared."

Referring to this case Judge Knowlton (afterwards Chief Justice) said, in *Plummer* v. *Dill*, 156 *Mass.* 426: "There is a class of cases to which *Sweeney* v. *Old Colony and Newport Railroad Co.*, 10 *Allen* 368, and *Holmes* v. *Drew*, 151 *Mass.* 578, belong, which stand on a ground peculiar to themselves. They are where the defendant by his conduct has induced the public to use a way in the belief that it is a street or public way which all have a right to use, and where they suppose they will be safe. * * * The liability in such a case should be co-extensive with the inducement or implied invitation."

This rule of the Massachusetts courts, which accords with the general doctrine laid down by this court, is illustrated by cases in other jurisdictions. 37 *Am. Dig., col.* 392; *Dec. Dig. & Supp., tit. "Negligence," Key Number* 37.

The distinction between this doctrine and dedication is both clear and fundamental; dedication being the permanent devotion of private property to a use that concerns the public in its municipal character, whereas the doctrine *sub judice* is a rule of negligence applicable to the owner of property only as long as he holds it out as intended for use by the public in their capacity as individuals.

Upon the question whether the acts of the defendant in the present case were evidence of dedication we express no opinion, but upon the question whether the defendant by its conduct invited the plaintiff as one of the general public and within the meaning of the doctrine we are discussing to use the way in the belief that it was a street, the evidence presented a question for the jury under proper instructions; and it was error therefore to direct a verdict.

To the case thus presented the rule of Dodd *v.* Central Railroad Co. has no application. Under the doctrine of implied invitation the negligence of the defendant, as also that of the plaintiff, were clearly for the jury.

The judgment therefore is reversed and a *venire do novo* awarded.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, VOORHEES, JJ.   3.

*For reversal*—THE CHANCELLOR, GARRISON, BERGEN, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, JJ.   8.