## 19889.   CLARY MAYTAG COMPANY *v.* RHYNE.

DECIDED FEBRUARY 1, 1930.

*Paul H. Doyal,* for plaintiff in error.   *Porter & Mebane,* contra.

JENKINS, P. J.   A child, by next friend, brought suit alleging that the defendant, through its agent, with the consent of the child's parents, temporarily installed an electric clothes-washing and wringing machine in the kitchen of his parents' home for demonstration purposes in order to induce a sale of the machine; that while the defendant's agent was present and demonstrating the machine for and in the presence of the plaintiff's mother, the plaintiff, a child of tender years, being attracted by the hum of the machine, its motion and attractive appearance, and being unaware of the danger, placed his hand between the cylinder-rolls of the wringer, causing serious injuries to his hand and arm.   Negligence is alleged against the defendant in operating the machine in the presence of the child without having the revolving cylinders covered or protected, in operating the wringer without warning the child against the danger of placing his hand in the revolving cylinders,

and in not watching and guarding to keep him away from them. The court overruled a demurrer to the petition, and the jury found for the plaintiff in the sum of $750. The defendant excepts to the overruling of the demurrer, and to the order overruling its motion for a new trial, based on a number of alleged errors in the charge of the court. The evidence is in conflict as to whether the defendant's agent warned the child as to the danger, the agent contending that he did specifically do so, and took the child up and carried him away from the machine to another corner of the room. The mother, who was present, denied that the agent took up the child and carried him away from the machine, and testified that she did not hear him make any statement warning the child away from the machine. She testified, however, that she herself warned the child not to go near the machine. The evidence is also in conflict as to just how the accident occurred, the defendant's agent testifying that it happened while he had temporarily turned his back to get some water from the sink, and the mother testifying that she took the tub and went to the sink, and that, while her back was turned, she heard the child scream.

■ There can not be actionable negligence without the breach of a legal duty. *Savannah, Florida & Western Ry. Co.* v. *Beavers,* 113 *Ga.* 398, 400 (39 S. E. 82, 54 L. R. A. 314). But all persons are presumed to anticipate the natural and reasonable consequences of their own conduct, and the theory of the so-called "turn-table cases" is that one who sets before young children a temptation which he has reason to believe may lead them into danger must use ordinary care to protect them from harm. Thus, a child who would otherwise occupy the status of a trespasser will be taken to have received an implied invitation to enter upon the premises of another when it is shown that he did so on account of having been allured thereto by reason of the maintenance of an instrumentality such as would naturally and reasonably attract young children. The doctrine of the "turn-table cases" has been repudiated in many jurisdictions, and the policy of the courts of this State, while not repudiating it, and while not strictly limiting it to "turn-table cases" alone, has been to refuse to extend it to any cases which do not upon their facts come strictly and fully within the principle upon which those cases rest. *Haley Motor Co.* v. *Boynton,* 40 *Ga. App.* 675 (150 S. E. 862). In the instant case the child was not a

trespasser, but was in the home of his parents in his own right, and, independently of the doctrine involved in the "turn-table cases," it was the duty of the defendant, through its agent, to exercise ordinary care for his protection, such as the facts and circumstances might require, the only analogy to the "turn-table cases" being that in the instant case the force of the plaintiff's contention as to the duty to watch over and protect the child while demonstrating the machine arises from the alleged alluring and attractive nature of the dangerous instrumentality employed. The court did not err in overruling the demurrer to the petition, since it can not be said as a matter of law that ordinary diligence did not require the defendant's agent to protect the child from the alleged new, dangerous, and attractive instrumentality while demonstrating it in his presence at the home of his parents.

■ "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." Civil Code (1910), § 3474. The question of capacity is not, ordinarily, one of law, but one to be determined by the jury under the provisions of the code-section quoted, in the light of the actual circumstances of the occasion and the situation under investigation. *Canton Cotton Mills* v. *Edwards,* 120 *Ga.* 447, 449 (47 S. E. 937); *Western & Atlantic Railroad* v. *Reed,* 35 *Ga. App.* 538, 542 (134 S. E. 134). In the instant case error is assigned upon the following charge of the court: "The duty or measure of care which a child is required to exercise is that which is ordinarily exercised and which should be reasonably expected from a child of his years and experience, under the circumstances he was in as shown by the evidence; and before the jury can find him guilty of contributory negligence, or lack of due care, you must find that he failed to exercise such care and caution as might reasonably be expected of a child of his years and experience under the circumstances." Under the ruling of the Supreme Court in *Western & Atlantic R. Co.* v. *Young,* 81 *Ga.* 397 (2) (7 S. E. 912, 12 Am. St. R. 320), this instruction did not, as is contended by the defendant in error, state the correct rule, but was erroneous, since, as was held in that case, "neither the average child of its own age, nor the prudent man, is a standard by which to measure its diligence with legal exactness. Such care as the capacity of the particular child enables it to use,

naturally and reasonably, is what the law requires." See also *Mc-Larty* v. *Southern Ry. Co.*, 127 *Ga.* 161 (56 S. E. 297) ; *Linder* v. *Brown,* 137 *Ga.* 352 (4 a) (73 S. E. 734). The distinction recognized by the ruling just quoted must be given effect, especially in view of the actual circumstances of the occasion and the situation under investigation, including the testimony of the mother herself, who was present, that she had instructed the child not to go near the machine. The error in charging as above requires a new trial.

■ The excerpt from the charge complained of by which it is contended that the court expressed an opinion as to what would or would not constitute negligence is not well taken. Moreover, the court, in another portion of the charge, plainly and distinctly instructed the jury that what was and what was not negligence was to be determined exclusively by them.

■ The remaining grounds of exception complain that the charge of the court authorized a recovery for impaired earning capacity, although neither the pleadings nor the evidence present any such contention. Apparently the plaintiff in error concedes that the pleadings set forth and the proof shows injuries which the jury could have found were of a permanent nature. Such being the case, the position of the plaintiff in error is without merit, and the ruling of the Supreme Court in *Western & Atlantic R. Co.* v. *Young,* supra, is controlling. In that case it was held that for a personal injury to a child of tender years, resulting in the loss or permanent disability or impairment of a member, "the law furnishes no measure of damages other than the enlightened conscience of impartial jurors, guided by all the facts and circumstances of the particular case. Amongst the results of the injury to be considered are pain and suffering, disfigurement and mutilation of the person, and impaired capacity to pursue the ordinary avocations of life at and after attainment of majority."

*Judgment reversed. Stephens and Bell, JJ., concur.*