22409. SIMMONS *v.* ATLANTA & WEST POINT RAILROAD COMPANY.

SUTTON, J. While a railroad company's agents operating one of its trains are ordinarily not required to anticipate the presence of a child trespasser upon its tracks or property, and the duty of using ordinary care and diligence does not arise until his presence thereon becomes known (*A. C. L. R. Co.* v. *Fulford,* 159 *Ga.* 812, 127 S. E. 274) ; *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026, 53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675; *N., C. & St. L. Ry. Co.* v. *Priest,* 117 *Ga.* 767, 45 S. E. 35; *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635, 43 S. E. 36, 59 L. R. A. 592), where, however, children habitually, with the knowledge and without the disapproval of the railroad company, go upon the tracks of the company at a certain locality to gather coal, there is reason to apprehend that the track in front of a train of the company approaching such locality may not be clear of human beings, and the duty of anticipating the presence of and danger to such children devolves upon the employees of the company operating the train, and they are under a duty to take such precautions to prevent injury to such children as would meet the requirements of ordinary care and diligence. *W. & A. R. Co.* v. *Meigs,* 74 *Ga.* 857, 865; *Crawford* v. *Southern Ry. Co.,* 106 *Ga.* 870 (33 S. E. 826; *Southern Ry. Co.* v. *Chatman,* supra; *W. & A. R. Co.* v. *Michael,* 175 *Ga.* 1 (165 S. E. 37) ; *Williams* v. *Southern Ry. Co.,* 11 *Ga. App.* 305 (75 S. E. 572) ; *Pope* v. *S. A. L. Ry.,* 21 *Ga. App.* 251 (94 S. E. 311) ; *Tice* v. *Central &c. Ry. Co.,* 25 *Ga. App.* 346 (103 S. E. 262).

(*a*) Whether or not the locality, time, and circumstances of an injury to a child using the tracks of the railroad company, and the known habits and frequency of its use by children, create such a condition as will charge the servants of the company operating the train with the special duty of looking out for the presence of a child trespasser at the time and place of the injury, is generally a question for the jury. *Pope* v. *S. A. L. Ry.,* supra; *Tice* v. *Central &c. Ry. Co.,* supra; *Wright* v. *Southern Ry. Co.,* 139 *Ga.* 448 (77 S. E. 384) ; *Binion* v. *Central &c. Ry. Co.,* 12 *Ga. App.* 663 (78 S. E. 132).

(*b*) Whether in this case the defendant's servants exercised ordinary care and diligence and took proper precautions to prevent the injury to plaintiff are questions for the jury. *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718).

(c) Whether the agents of the company in charge of its train failed in their special duty to the plaintiff by failing to look out for his presence on the tracks and by failing to give any warning signal to the plaintiff in approaching the box cars, with the train being operated noiselessly on a down grade with the steam cut off, is a question for the jury to determine. *Southern Ry. Co.* v. *Chatman,* supra; *Tice* v. *Central &c. Ry. Co.,* supra.

(d) As to a boy seven years old, no presumption arises that he will appreciate danger and will act with the discretion of an adult in going upon a railroad-track and in getting out of the way of an approaching train, and persons in charge of such a train are not authorized to act on such a presumption. *Southern Ry. Co.* v. *Chatman,* supra. Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation. Civil Code (1910), § 3474. The question of capacity of a child seven years old to appreciate the danger of going upon a railroad-track and reaching under a box car for a lump of coal is for the jury to determine as a matter of fact, applying the principle involved in the above section of the code. *Canton Cotton Mills* v. *Edwards,* 120 *Ga.* 447, 449 (47 S. E. 937); *Clary-Maytag Co.* v. *Rhyne,* 41 *Ga. App.* 72, 75 (151 S. E. 686).

2. The petition alleges that the plaintiff received the injury complained of within about forty feet of a public crossing, and that no bell was rung by the approaching train or lookout maintained in the direction it was proceeding. It was the duty of the engineer under the act of 1918 (Ga. L. 1918, p. 212) to toll the bell of his engine in approaching the crossing, and, in addition thereto it was his duty while thus approaching to maintain a constant and vigilant outlook ahead, and to otherwise exercise due care in approaching the crossing, in order "to avoid doing injury to any person . . which may be . . upon the line of railway at any point within fifty feet of such crossing. Though the person upon the line of railway, not on the crossing, at a point within fifty feet of the crossing, if there without license or permission, would be a trespasser, nevertheless the duty would be on the engineer to maintain a lookout and exercise due care not to injure him." *A. C. L. R. Co.* v. *Fulford,* supra.

3. Applying the foregoing principles to the facts alleged in plaintiff's petition, the court below erred in sustaining a general demurrer thereto and in dismissing the same.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided November 19, 1932.

96

*Hewlett & Dennis, V. K. Meador,* for plaintiff.
*Howell, Heyman & Bolding,* for defendant.