24374. CORRIE *v.* HOLLARAN.
24375. SOUTHERN RAILWAY COMPANY *v.* HOLLARAN.

Decided September 23, 1935.

*Maddox, Matthews & Owens, R. Carter Pittman, Oliver R. Hardin, Sapp & Maddox,* for plaintiffs in error.

*Hewlett & Dennis, Mitchell & Mitchell,* contra.

STEPHENS, J. Even if the jury would not have been authorized to find for the plaintiff on the ground of wanton or wilful conduct of the defendants, the verdict could rest on another ground set up in the pleadings, supported by the evidence, and submitted to the jury. In the supplemental charge to the jury the court said: "I charge you that where a number of persons habitually, with the knowledge, and without the disapproval of the railroad company, use private ways across or along the railroad tracks, the employee of a train or in charge of a train, who is aware of this custom, is bound to anticipate that persons may be upon the track at this point, and he is under the duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence; but I charge you, gentlemen, as to the question of whether or not Corrie was on notice of such use, is a question for the jury." *Western & Atlantic R.* v. *Michael,* 175 *Ga.* 1 (165 S. E. 37); *Simmons* v. *Atlanta & West Point R. Co.,* 46 *Ga. App.* 93 (106 S. E. 666). If the charge just quoted was improper as not stating correct law, or as not applicable to the evidence, it could have been excepted to and brought to this court for review. As this was not done, it can not be held that the case was tried on a wrong theory. The expression in the charge, that "he is under the duty to take such precautions to prevent injury to such person as would meet the requirements of ordinary care and diligence," includes the duty of keeping a lookout and of slacking the speed of the train if necessary to prevent injury. It seems that if there had been even a slight diminution of the speed of the train at any point

between the curve where the engineer first noticed a white object on the track and the point where the engineer applied his brakes (the distance between these points being about 2500 feet), the child would not have been killed, and the plaintiff would not have been injured. The evidence was sufficient to authorize the jury to find that both the defendants were negligent, and that this negligence was the proximate cause of the plaintiff's injury, unless the plaintiff's act in rushing upon the railroad track in front of the approaching train in order to save the life of her child who was in peril constituted negligence barring a recovery.

The contention that the mother can not recover because of her want of ordinary care in attempting to rescue her child can not be sustained. The law is settled that culpable negligence will not be attributed to a person who, in a dire emergency, endeavors to save the life of another person. There appears to be a double reason for this. The law not only favors life-saving, but also recognizes the irresistible impulse which actuates a parent (or other person) even to risk life in order to save a child. See *Louisville &c. R. Co.* v. *Cline,* 136 *Ga.* 863 (72 S. E. 405). The only fault that could be attributed to the mother was in not keeping the child with her, or within view, for about thirty minutes after the child went into the back yard to play, which yard had a fence around it, while the gate in the front yard was swung with a weight which closed it automatically. The utmost care might require a parent to be with a child of two years at all times; but the jury in considering the facts and circumstances of this case could reasonably have concluded that the mother had not in this respect failed in ordinary care. As the case stands in this court, there is no complaint of any ruling on admission of testimony or otherwise, and no complaint as to the charge of the court. It must therefore be taken that the defendants had a perfectly fair trial. Whether the plaintiff or the defendants were negligent and whose negligence was the cause of the plaintiff's injuries were, under all the evidence adduced, questions of fact for the determination of the jury. The evidence authorized the verdict for the plaintiff against both defendants.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., disqualified.*