**HEATHERLY v. SOUTHERN RY. CO.**

No. 9093.

Circuit Court of Appeals, Fifth Circuit.

Oct. 24, 1939.

J. F. Kemp and Clint W. Hager, both of Atlanta, Ga., for appellant.

Rembert Marshall and Edgar A. Neely, both of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, Joe Heatherly, lost his foot and part of his leg when he fell or was knocked under the wheels of a passing freight train. The accident happened after daylight on November 2, 1934, at Roseland, Georgia, a little station where the train did not stop. He claims to have been standing on the station platform several feet westward of the moving train, and to have been struck by a piece of timber extending from the side of a car in the train.

Heatherly testified that he was waiting for the train to pass in order that he might cross the tracks along a path (over the platform) which was used by the general public with the knowledge of the railway company and its servants. The trial court, on motion, directed a verdict in behalf of appellee, and its action in this respect is the sole issue presented to us for decision. Upon such issue it is necessary for us to search the record to ascertain whether or not there was any substantial evidence upon which a verdict for the plaintiff could properly rest. A scintilla of evidence is not sufficient.

Concededly, the evidence with reference to the use of the path across the tracks by the general public with the knowledge and tacit consent of the company was sufficient to submit that issue to the jury, but it is contended, and the district court held, that the evidence with reference to the protruding timber was insufficient to fix liability upon the company. The appellant was the only witness whose testimony tended to prove this material and indispensable element of his case; but he did swear positively on the subject, and we do not think his statement as to what caused the accident was so unreasonable as to warrant its rejection by the court without submission to the jury.

Because of the alleged improbability of his story and because witnesses for the defendant testified as to contradictory accounts made by the injured man immediately after the accident, it is argued that the evidence for the plaintiff is so weak and unsatisfactory that the court below did not believe it, the jury would not have believed it, and if they had found a verdict for the plaintiff the court would have set it aside. All of this may be true, and yet the court first should have taken the verdict of the jury.

"It is one thing for the trial judge in the exercise of his discretion after a verdict has come in to set that verdict aside, even though there is evidence which if believed would support it, where in his opinion justice has not been done. It is quite another thing for the judge to refuse to permit the case to go to the jury where there is evidence which, if believed, would support a verdict for plaintiff, because, as stated by the trial judge in this case, he had reached the conclusion that if a substantial verdict should be rendered for the plaintiff he would be compelled to set it aside as against the law and the evidence.

"In the first place, it is a quite usual experience with trial judges that the fact that twelve average men have agreed to give credence to evidence which has not impressed the judge invests that evidence with a substance of credibility which it had not theretofore had, and if the judge, notwithstanding such verdict, still feels that justice has not been done, he has a more authoritative guide to the correctness of his conclusion than he had before the verdict came in. But these considerations entirely

896

aside, it is the law that the trial judge has no right, merely because he does not believe the evidence of a party, to refuse to take the jury's verdict on it." Howard v. Louisiana & A. R. Co., 5 Cir., 49 F.2d 571, 574.

In Woodward v. Atlantic Coast Line R. R., 5 Cir., 57 F.2d 1019, this court said: "A trial judge may, in the exercise of a sound discretion, set aside a verdict because he is convinced that the jury have wrongly found the issues of fact, the result of which will be another trial before another jury; but he may not prevent the case going to verdict and decide it himself because he does not credit substantial evidence for one party, and would on that account be disposed to set aside a verdict in his favor." See, also, Reid v. Maryland Casualty Co., 5 Cir., 63 F.2d 10.

 In the instant case, the alleged negligence of the railway company consisted in operating the train with a piece of timber protruding over the place where trespassers were in the habit of crossing without objection by the company or its servants, which custom of pedestrians had existed sufficiently long to put the appellee upon notice of such use and give it reason to anticipate the probable presence of pedestrians at that particular time and place. The appellee contends that Heatherly was a trespasser and that it was under no duty except not to injure him wantonly or wilfully. We do not so interpret the decisions of the State of Georgia, and we are bound by the laws of that state. In Macon & Birmingham Railway Co. v. Parker, 127 Ga. 471, 56 S.E. 616, the court held that "although one may be a trespasser upon the track of a railroad company, the fact that he is a trespasser will not preclude him from recovering damages for an injury received from the operation of the cars of the defendant, if the railroad track was so used by pedestrians as to put the railroad company and its servants operating its trains upon notice of such use, and give them reason to anticipate the probable presence of a pedestrian at that particular time and place."

In the earlier case of Bullard v. Southern Railway Company, 116 Ga. 644, 43 S.E. 39, the court said: "Where a number of persons habitually, with the knowledge and without the disapproval of a railroad company, use a private passageway for the purpose of crossing the tracks of the company at a given point, the employés of the company in charge of one of its trains, who are aware of this custom, are bound, on a given occasion, to anticipate that persons may be upon the track at this point; and they are under a duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence."

See, also, the following decisions by the Georgia Court of Appeals: Simmons v. Atlanta & West Point Railroad Co., 46 Ga.App. 93, 166 S.E. 666; Binion v. Central of Georgia R. Co., 12 Ga.App. 663, 78 S.E. 132.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.