31542. SOUTHERN RAILWAY COMPANY *v.* LILEY.

DECIDED JUNE 12, 1947. REHEARING DENIED JULY 23, 1947.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error. *Hewlett & Dennis, T. F. Bowden,* contra.

MacIntyre, P. J.   1.   The defendant by its demurrer contends that the petition does not allege whether the alleged street was a private street or way, or, in contemplation of law, a public street in that it had been regularly dedicated as such by legal authority, or had been used as a public street for a sufficient length of time to become such a public street by prescription.

So far as the rights of these parties are concerned, it is not necessary that the street should have been a public street in either sense.   If it was used by the public under circumstances as alleged in the petition, with the knowledge of all of the defendant's officers and agents in Atlanta, and without protest on their part, the law would impose on the defendant such a degree of care as was suggested by the particular circumstances.   Texas & P. Ry. Co. *v.* McManus, 15 Tex. Civ. App. 122 (38 S. W. 241).   Even if the street or thoroughfare was on the property of the defendant railway company, where the defendant by its conduct has induced the public to use a way in the belief that it is a street or public way which all have a right to use, and where they suppose they will be safe, the liability in such a case should be coextensive with the inducement or implied invitation.   Black *v.* Central Railroad Co., 85 N. J. L. 197 (89 Atl. 24, 51 L. R. A. (N. S.) 1215).

The petition here alleged that the defendant railway company knew that the public was using this place as a travel thoroughfare and as a place for parking automobiles, and that the defendant kicked one of its freight cars into a sidetrack with such unusual and unnecessary force that the said car passed over the bumper block, crashed through said freight platform, over said street and into the side of the plaintiff's automobile parked on such thoroughfare.   The petition alleged further that such acts constituted actionable negligence, which was in effect saying that a reasonably

prudent person should know that such acts would cause injury to a person traveling along or parking his automobile on such street or thoroughfare. Proceeding upon this theory, the petition alleged the purposes for which the public has a right to use such street for its benefit and showed that the street was being used for one of such purposes, to wit, the parking of an automobile thereon by the plaintiff. Home Laundry Co. *v.* Louisville, 168 Ky. 499 (182 S. W. 645).

Of course, there can be no negligence where no duty is due the person injured, for negligence is the breach of some duty that one person owes to another. It is relative and can have no existence apart from some duty expressly or impliedly imposed. Before negligence can be predicated upon a given act, some duty to the individual complaining must be sought and found, the observance of which duty would have. averted or avoided the injury or damage. This duty, the violation of which constitutes actionable negligence, may arise in various ways.

In the negligence case of Muesig *v.* Harz, 283 Ill. App. 115, 122, it is said: "Allegations of facts from which the law will raise a duty, rather than mere allegations that it was the duty of a defendant to do certain things, have always been preferred." See, in this connection, *Lewis* v. *Amorous, 3 Ga. App.* 50, 53 (59 S. E. 338). "It is permissible, however, to set forth the facts, and then conclude that these facts amount to negligence. Demurrer will then raise the question whether the conclusion is good in law." *Fuller* v. *Inman,* 10 *Ga. App.* 680, 694 (74 S. E. 287). The pleader here stated his action with particularity by pleading the facts relied upon and alleged every substantive fact which, in law, was necessary to the maintenance of his suit based on actionable negligence.

Under the allegations of the petition, the plaintiff was not a trespasser, and the defendant was under a duty to exercise ordinary care to prevent injury to the plaintiff's automobile when such automobile was parked on such street or thoroughfare.

The plaintiff is not required to designate or denominate himself as an invitee, licensee, or trespasser eo nomine, in order to fix and assert his rights in such a case as this, but may depend upon the allegations of the substantive facts alleged in his petition to show what duty the law raises; that is, what duty the

defendant railway company was under to prevent injury to him or his automobile. It seems to us that the petition alleges the particular basal facts which give rise to such duties, and that the plaintiff relies upon a violation of those duties for a recovery. The grounds of the defendant's demurrer discussed in this division of the opinion are not meritorious. *Western & Atlantic Railroad* v. *Reed,* 33 *Ga. App.* 396, 404 (126 S. E. 393).

2. Where a special demurrer to a petition is overruled and an order taken to that effect, and thereafter, before the trial and before exceptions to such ruling are filed and within the time allowed by such order, the plaintiff amends his petition, if there was any error in overruling the demurrer to the petition in the first instance, the error was cured by the subsequent amendment, if the petition as thus amended is not subject to such demurrer. *Atlantic Coast Line R. Co.* v. *McElmurray Bros.,* 14 *Ga. App.* 196 (80 S. E. 680).

Applying this rule, we will consider the petition as amended after the order overruling the demurrer was filed, and determine whether the amendment cured the defect pointed out in the demurrer.

"Defendant demurs specially to paragraph 6 of said petition, upon the ground it is too general, vague, and indefinite, it not being set out therein what 'agents' and 'officers' of this defendant had knowledge of the use by petitioner of said 'street' to park his automobile and what 'agents' and 'officers' made no objection, there being nothing in said paragraph or petition to identify them."

"In *Augusta Ry. Co.* v. *Andrews,* 92 *Ga.* 706 [19 S. E. 713], where the right of the plaintiff to recover depended upon the grant of permission by the City Council of Augusta to climb a fire-alarm pole, it was held that an allegation that this permission had been granted by the 'City Council of Augusta, through its duly authorized officers and agents,' was sufficient, without stating the name of any particular officer or agent of the municipality. The question was raised in that case by a special demurrer, as appears from the reporter's statement on page 707, which we have verified by an examination of the original record. See also *Woodson* v. *Johnston,* 109 *Ga.* 454 (2) [34 S. E. 587]; *Nashville Ry. Co.* v. *Priest,* 117 *Ga.* 769 [45 S. E. 35]." *Pierce* v. *Seaboard Air-Line Ry.,* 122 *Ga.* 664, 668 (50 S. E. 468).

In *Atlantic Coast Line R. Co.* v. *Burroughs*, 20 *Ga. App.* 197, 199 (92 S. E. 1010), it is said: ".The defendant demurred generally and specially, and, to meet the special ground of demurrer stated in the foregoing decision, the allegation that the facts stated as to the use of the right of way by pedestrians were known to the railroad company, 'its agents and employees,' was amended by adding: 'that is, the agents and employees of the railroad company in charge of the operation of said shuttle train, and all of the agents and employees of said company having charge of the roadbed and right of way of said company at this place, and all of the said agents and employees of said railroad company having charge of the operation of trains of said company over said right of way. The names of these agents and employees this plaintiff does not know.'" In that case it was held that, where a declaration alleges with sufficient specification negligence on the part of the defendant and its agents or employees, and in what such negligence consisted and when it occurred, it is not necessary to set out the names of the particular agents or employees alleged to have committed it; therefore the petition as amended was not subject to a special demurrer.

We think that the allegations of the petition in the instant case were sufficient without stating the name of any particular officer or agent of the defendant railway company.

3. In *Atlanta & West Point R. Co.* v. *Wise*, 190 *Ga.* 254 (9 S. E. 2d, 63), it is said: "Section 105-402, embodied for the first time in the Code of 1933, despite its general language limiting liability to a licensee to wilful and wanton injury, can not be taken as having reference to an independent tort by a railroad company in the operation of its train, but, according to its own language and by reason of its context and indicated source, must be construed as only having reference to the liability of an owner or occupier of premises to one injured on account of a failure to keep the premises and approaches in a proper state of repair."

We agree with the defendant in error that Code, § 105-402 is not applicable to the case sub judice.

The petition plainly and distinctly set forth the elements necessary to a recovery, and the court did not err in overruling the general and special demurrers to the petition.

*Judgment affirmed.    Gardner and Townsend, JJ., concur.*