## FORD *v.* THE STATE.

*Atkinson, J.*—1. A person under the age of ten years is incapable of committing any criminal offense.  Penal Code, §34.  A person between the ages of ten and fourteen years cannot be lawfully convicted of a crime or misdemeanor, unless it appears from the evidence that he was capax doli, and the burden of proving that he was so rests upon the State.  Penal Code, §33, and cases cited.

2. It being doubtful under the evidence introduced in the present case whether the accused was above the age of ten at the time the alleged offense was committed, and certain that he had not then attained the age of fourteen, and the evidence not showing that he knew "the distinction between good and evil," the verdict of guilty was contrary to law, and there should be a new trial.

3. The newly discovered evidence will, at the next hearing, most.

probably throw further light upon the question of the age of
the accused.                                   *Judgment reversed.*

Argued October 8,—Decided October 19, 1896.

Indictment for burglary.   Before Judge Fish.   Sumter
superior court.   May term, 1896.

The burglary was done in April, 1896.   The motion for
new trial was upon the grounds that the verdict was con-
trary to law and evidence; and because of newly discovered
evidence.   In support of the last ground movant produced
two affidavits: (1) Henrietta Reese: She is personally ac-
quainted with defendant, and was personally acquainted
with his mother in her life.   Defendant was born in March,
1889, and deponent has continuously known him and is
certain as to his age.   (2) Queen Smith: Was present when
the defendant was born and knows that he is not yet ten
years old, but that he is now in his ninth year.   She knows
this from the fact that she is a midwife and attended his
mother and assisted Dr. Westbrook in the confinement of
defendant's mother.

At the trial defendant's father and the husband of de-
fendant's grandmother both testified, giving circumstances,
that defendant was born in March, 1889.   There was evi-
dence for the State from two witnesses, that they had known
defendant six or seven years; that they did not know his
age when they first knew him, but he was a good big boy.
One of them testified that when he first knew him defend-
ant looked to be about five or six years old, and was then
big enough to trot up town and carry vegetables; and the
other, that six or seven years ago defendant and his sister
used to haul lightwood around in a little wagon.   Both of
them testified that they knew the general character of de-
fendant's father; that it was not very good; and that from
their knowledge of it they would not believe him upon oath
in a court of justice.

*L. J. Blalock*, for plaintiff in error. *J. M. DuPree, solicitor-general*, by *J. B. Hudson*, contra.