## CANTON COTTON MILLS v. EDWARDS.

1. While the statute has arbitrarily declared that children under ten years of age shall not be held criminally responsible, yet, in view of their varying mental and physical capacities, it has not fixed the age at which they may be employed to work.

2. Such question is not to be determined as a matter of law by the courts, but as a matter of fact by the jury.

3. The petition was not subject to demurrer, in view of the allegations that the plaintiff had not been warned, and, by reason of his tender years, was unable to appreciate the dangers or to remember, understand, or act upon warnings that might have been given as to what was necessary to protect himself while working in the midst of moving machinery.

Argued May 23, — Decided June 10, 1904.

Action for damages.    Before Judge Gober.    Cherokee superior court.    October 5, 1903.

Wylie Edwards, by his next friend, brought suit against the Canton Cotton Mills for damages on account of personal injuries. The petition alleged, in substance:    On February 10, 1902, the plaintiff, then ten years old, was in the employment of the defendant, his work being to sweep floors and make bands for the spinning room.    In order to get water to drink it was necessary for him to pass the entire length of the defendant's factory filled with swiftly-moving machinery.    After obtaining a drink of water and while returning, it was necessary to pass a machine called a "finisher."    In passing this machine he stopped to observe the lap of cotton as it came out of the machine on to the roll, and, boylike and with no knowledge of the danger, he laid his hand on the roll, as he had seen the man in charge of the machine do, when, in some way unknown to him, his hand was caught and drawn between two rapidly-revolving rolls and injured in a manner described.    He was not aware of the dangerous character of the machine, nor had he been warned by the defendant of the danger of going about it and of working with it as he saw others working.    He was so young as not to be aware of the dangerous character of the defendant's machinery, nor was he capable of appreciating and guarding against such danger, or of understanding, remembering, and acting upon warnings that might have been given by the defendant; and of all this the defendant had full knowledge.    The defendant was negligent in that it retained in

its employment and required to be in its mills among its machinery the plaintiff, a child of tender years, too young to realize and guard against the dangers incident to such machinery, and too young to appreciate, remember, and act upon such warnings as might have been given him, and too young to work in such a place. It was negligent in failing to warn him and in failing so to guard its machinery as to make the factory safe for him to work in. It was negligent in not protecting him from dangers incident to work about such machines of which he knew nothing and which by reason of his youth and inexperience he was incapable of guarding against.

The defendant demurred on the grounds, that no cause of action was set out; that the injury was the result of the plaintiff's own negligence; that it was not negligence in the defendant to employ a child of the age of the plaintiff; and that it was not negligence not to warn him as to danger from the machine mentioned, which he was not employed to operate. The demurrer was overruled and the defendant excepted.

*George I. Teasley* and *P. P. DuPre,* for plaintiff in error, cited Civil Code, §§ 2610–11–12; *Ga. R.* 83/453; 91/345 (5), 526; 93/53, 511, 743; 97/164; 104/224 (3); 110/474.

*Burton Smith* and *George Gordon,* contra, cited *Ga. R.* 69/137; 72/217; 84/320; 86/40; 92/95; Thomp. Neg. 978; Shearm. & Redf. Neg. (4th ed.) § 219; Wood, M. & S. (2d ed.) § 350; McKin. F. S. § 39; Cool. Torts, 553; Whart. Neg. § 216; Buswell, Pers. Inj. § 203; 105 N. Y. 26; 66 Fed. 260; 133 Ill. 359 (14 Am. Neg. Cas. 312); 105 Ind. 151 (14 Am. Neg. Cas. 523); 105 Cal. 77 (13 Am. Neg. Cas. 414); 17 Wall. 553; 41 Am. R. 298; 84 Tenn. 391; 46 Ohio St. 283 (3 L. R. A. 385); 66 Wis. 268; 113 Mass. 396; 102 Mass. 572.

LAMAR, J. The age of majority and the age under which there can be no criminal responsibility have been arbitrarily declared by statute. But neither nature nor the courts have fixed any definite age at which children attain the capacity to work. In some children the mind outruns the body and in others the body outgrows the mind. Some are weak and undeveloped at the age of fourteen, and others are strong and vigorous at ten. Some at an early age can hunt, drive, ride, swim and work in many occupations, with ordinary safety, while others of the same age, with even

greater physical strength, by reason of want of experience would be unable to engage in the same sports or labors without serious risk. The question of capacity, therefore, is not to be determined as a matter of law by the courts, but as a matter of fact by the jury, applying the principle involved in the Civil Code, § 2901, which declares that "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." The petition alleged that the plaintiff was ten years old, ignorant of the character of the machine and of the danger of working therewith as he had seen others do; that he had not been warned; that he was incapable of appreciating, remembering, or acting upon any warnings that might have been given him; and that the company was not only negligent in failing to warn plaintiff, but also in failing to guard its machinery so as to make the factory safe as a place in which to work. These allegations made it proper to overrule the demurrer. Compare *Evans* v. *Josephine Mills*, 119 *Ga.* 448, *Judgment affirmed. All the Justices concur.*