## 4761.  BROWN v. THE STATE.

HILL, C. J.   1. Under the statute of this State, a person between the ages
   of ten and fourteen years can not be legally convicted of a crime, unless
   it appears from the evidence that he was capax doli; and the burden
   of proving that he was so rests upon the State.  Penal Code (1910),
   § 33; *Ford* v. *State*, 100 *Ga.* 63 (25 S. E. 845).  The court should have
   charged the jury to this effect, in accordance with a written request,
   timely made.  An instruction to the effect that, in determining the
   question as to the mental responsibility of the accused for his conduct,
   the jury should consider any evidence showing what he did, how he
   acted, what he said, in fact the whole case in all of its aspects, to
   determine whether he knew good from evil, and that if the jury had
   a reasonable doubt on this question, they should acquit, was not equiv-
   alent to the instruction requested.
2. Since the decision of the Supreme Court in the case of *Cumming* v.
   *State*, 99 *Ga.* 662 (27 S. E. 177), it has been uniformly held by that
   court and by this court that a charge to the jury that "provocation by
   words, threats, menaces, or contemptuous gestures shall in no case be
   sufficient to free the person killing from the guilt and crime of murder"
   (Penal Code, § 65) should not be given, without qualification, where
   there is a theory of the evidence, or of the defendant's statement to
   the jury, on which the jury might find that the person killing acted in
   self-defense, on account of a reasonable fear aroused in his mind by
   menaces, etc., considered in connection with the other facts in the case.
   In the present case the theory of the defense, based upon the statement
   of the accused, was to the effect that the accused, in killing the de-
   cedent, did so under the fears of a reasonable man that the decedent
   was endeavoring to take his life or to commit a felony on his person;
   these reasonable fears being aroused by menaces, accompanied by the
   act of drawing a knife on the accused by the decedent.
3. Except as above indicated, no substantial error of law appears.

                                                        *Judgment reversed.*

                          DECIDED MAY 20, 1913.

   Indictment for murder—conviction of manslaughter; from Bibb
superior court—Judge Mathews.   January 1, 1913.

*John R. Cooper,* for plaintiff in error.
*John P. Ross, solicitor-general,* contra.