## McRAE *v.* THE STATE.

PER CURIAM. 1. One ground of the motion for a new trial complains that the court refused to submit to the jury a charge duly requested in writing, to wit: "that the court charge the jury, in addition to the law as · embodied in section 33 of the Code, and the law of the case generally as applied in this case, that the jury must find that the defendant knew the distinction between right and wrong, and that the burden of proof to show that the defendant knew the distinction between right and wrong rests upon the State, and that the jury must believe that the defendant was capable of committing crime and knew the distinction between right and wrong, beyond a reasonable doubt, before they would be authorized to convict the defendant." The question coming before the entire bench of six Justices, Russell, C. J., and Atkinson and Hines, JJ., being of the opinion that this ground of the motion shows error requiring the grant of a new trial, and Beck, P. J., and Hill and Gilbert, JJ., being of a contrary opinion, the case on this ground of the motion stands affirmed by operation of law.

2. All the Justices agree that the evidence was sufficient to support the verdict.          *Judgment affirmed by operation of law.*

No. 5501. DECEMBER 15, 1926.

Murder. Before Judge Eve. Worth superior court. May 15, 1926.

*T. R. Perry, P. B. Ford,* and *W. C. Forehand,* for plaintiff in error.

*George M. Napier, attorney-general, R. S. Foy, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

The views of Russell, C. J., Atkinson and Hines, JJ., are set out in the opinion prepared by Chief Justice Russell. The views of Beck, P. J., Hill and Gilbert, JJ., are set out in the opinion prepared by Justice Hill.

RUSSELL, C. J. I am somewhat doubtful whether the evidence is sufficient to have authorized the conviction of the accused; but in my opinion the refusal of the court to charge the jury as requested demanded the grant of a new trial. The request for instructions is very brief, but the principle which the plaintiff in error desired to have placed before the jury is correctly stated, and its application was absolutely vital to the rights of the defendant under the evidence. The court was asked to tell the jury "that the jury must find that the defendant knew the distinction between right and wrong, and that the burden of proof to show that the defendant knew the distinction between right and wrong rests

---

Criminal Law, 17 C. J. p. 255, n. 53; p. 365, n. 41.

upon the State, and that the jury must believe that the defendant was capable of committing crime and knew the distinction between right and wrong, beyond a reasonable doubt, before they would be authorized to convict the defendant." The judge declined to give this instruction; and it is insisted that nevertheless the omission so to instruct the jury is not so harmful as to require the grant of a new trial. It is insisted that, considering the charge of the court as a whole, it was unnecessary for the court to have instructed the jury specifically upon the point that the burden of proof devolved upon the State. It is argued that a sufficient substitute may be found for the direct instruction which was requested upon this point, in the charge of the court upon the subject of reasonable doubt. I can not concede that the plaintiff in error was not entitled in this case to have the precise point as to the burden of proof submitted to the jury. The more so from the peculiar facts of this case. There is no positive evidence that the defendant is above the age of ten and one half years. There is absolutely no testimony which even indicates that the accused is older than thirteen years. Therefore all the testimony puts him under fourteen years of age. At common law infancy is usually regarded as being divided into three distinct periods as to which distinct presumption for capacity or incapacity prevails. An infant under the age of seven (in Georgia changed by statute to ten years) is presumed to have no capacity to commit a crime, and such presumption is conclusive and unrebuttable. After fourteen years of age he is presumed to be capable of committing crime, and is responsible in the same manner as an adult. Between the ages of ten and fourteen there is a presumption in favor of his *incapacity* to form a criminal intent. According to the uniform current of authority, the burden of removing and rebutting this presumption of incapacity to commit a crime rests upon the State, and this must be done by the "strongest and clearest evidence." In this case there was no hint to the jury that the altogether different rule which the law applies with reference to capacity to commit crime where the accused is under fourteen years of age was involved in the case before them; and on the contrary, it appears from an inspection of the charge that the jury was instructed in the language of the Code as to the general rule applying to insane persons, lunatics and idiots, where the burden is upon any

person over fourteen years of age to prove incapacity, whereas in a case such as this at bar the rule is exactly the reverse. The State must prove capacity by strong and clear evidence. Not only so, but in this case the judge charged the jury in effect that if a deliberate killing was shown, malice would be presumed; and that if they were so satisfied beyond a reasonable doubt, the defendant should be convicted. In these circumstances it was absolutely essential, in my opinion, that clear and distinct reference be made, as requested, to the principle that the accused in this case was presumed to be incapable of crime, and that the State would not only have to prove every essential of the crime without the aid of legal presumptions, but was also required by law to carry the burden of producing clear and strong evidence satisfying the jury beyond a reasonable doubt that a child of such tender years is capax doli.

The question now before us was before this court in *Singleton* v. *State,* 124 *Ga.* 136 (52 S. E. 156). Mr. Justice Beck, delivering the opinion of the court, said that "the law is that if the accused was between ten and fourteen years of age, prima facie he was incapable of crime, and the jury should be instructed that the burden is on the State to establish his capacity therefor, it being their privilege alone to pass upon this evidence. . . The jury should have been informed in terms direct and clear that if the infant on trial was between ten and fourteen years of age, his capacity to commit crime must be made to appear from the evidence or from the facts and circumstances of the case; and this is not going as far as some courts and many text-writers have gone where they have laid down the rule that the capacity to commit crime in infants under the age of fourteen years should be made to appear 'only by the strongest and clearest evidence.'" It will never do to say that a charge upon reasonable doubt upon the evidence as a whole is sufficient to take the place upon the precise point as to who carries the burden of proof as to the capacity of an infant under the age of fourteen years to commit crime, without at least telling the jury that he is presumed to be incapable of committing crime. Especially in a case like this, where in another portion of the charge the court told the jury, without any reference to the age of the accused, that malice would be presumed where an unauthorized killing was shown. Where one charged with crime is between the ages of ten and fourteen years, there

is a presumption that he is non capax doli, and the State carries
the burden of rebutting by proof this presumption. In the present
case the only evidence touching the age of the defendant is that
he is thirteen years of age, and there are no circumstances in
proof nor is there anything in the evidence from which a con-
trary inference can be deduced. Under such circumstances an
issue is raised which the State must meet by affirmative proof,
and overcome the burden imposed by the legal presumption that
the accused is incapable of crime. It is the duty of the court,
even without request, to properly instruct the jury on each and
every material issue in every case. The performance of this duty
is of vast importance when upon the issue may hang the life of
a human being.

The correct rule is laid down by this court in *Ford* v. *State,*
100 *Ga.* 63 (25 S. E. 845), in which Mr. Justice Atkinson, speak-
ing for the court, said: "A person between the ages of ten and
fourteen years can not be lawfully convicted of a crime or mis-
demeanor, unless it appears from the evidence that he was capax
doli, and the burden of proving that he was so rests upon the
State." See also *Brown* v. *State,* 12 *Ga. App.* 722 (78 S. E. 352);
*Carroll* v. *State,* 18 *Ga. App.* 203 (89 S. E. 176). In Angelo *v.*
People, 96 Ill. 209 (36 Am. R. 132), it was held that a charge of
felony can be established against an infant of eleven years of age
only by the strongest and clearest proof of his capacity to enter-
tain a criminal intent. The court said: "There is uncontradicted
evidence in the record that plaintiff in error was little more than
eleven years of age when the homicide was committed. This evi-
dence was not contradicted, but was virtually conceded. . . If
this was true, and the evidence tended to prove it, the rule re-
quired evidence, strong and clear beyond all doubt and contradic-
tion, that he was capable of discerning between good and evil; and
the legal presumption being that he was incapable of committing
the crime, for want of such knowledge, it devolved on the people to
make the strong and clear proof of capacity before they could be
entitled to a conviction. . . Again, the jury were not clearly
and fully instructed on this question. Several instructions given
for the people omitted this rule, when they should have been
qualified by informing the jury that proof, and clear proof, of
capacity must be given. In such a case the mere announcement

of the rule in general terms . . was not sufficient." As said by Mr. Justice Lamar in *Canton Cotton Mills* v. *Edwards, 120 Ga.* 447 (47 S. E. 937), "The age of majority and the age under which there can be no criminal responsibility have been arbitrarily declared by statute. . . The question of capacity, therefore, is not to be determined as a matter of law by the courts, but as a matter of fact by the jury."

HILL, J. The motion for a new trial assigns error on the refusal of a request, submitted in writing before the argument of counsel began and before the jury retired to consider their verdict, to give in charge the instruction "that the jury must find that the defendant knew the distinction between right and wrong, and that the burden of proof to show that the defendant knew the distinction between right and wrong rests upon the State, and that the jury must believe that the defendant was capable of committing crime and knew the distinction between right and wrong, beyond a reasonable doubt, before they would be authorized to convict the defendant." The court in its general charge did instruct the jury that "A person shall be considered of sound mind who is neither an idiot, a lunatic, nor afflicted by insanity, or who has arrived at the age of fourteen years, or before that age, if such person knows the distinction between good and evil. As explanatory of the general rule prevailing in this State, I give you this in charge: an infant under the age of ten years, whose tender age renders it improbable that he should be impressed with the proper sense of moral obligation, or be possessed of sufficient capacity deliberately to have committed the offense, shall not be considered or found guilty of any crime or misdemeanor. Section 34 of our Code, which I have just read, is not directly involved in this investigation, as it is conceded that at the time of the commission of the alleged offense the defendant was over ten years of age. It seems not to be disputed that he was under the age of fourteen years. Now, as you have gathered from the reading of these sections of our Code, a person under the age of ten years could not be convicted of any crime or offense. Between the age of ten years and the ages of ten and fourteen, there is no presumption that the accused person has sufficient mental capacity to distinguish between good and evil; and it becomes a question of fact to be determined by the jury. And the jury will look to all the evidence presented,

and from an examination of that evidence determine whether or not, if the defendant committed the alleged offense, at the time of such alleged commission he was of sufficient mental capacity to distinguish between good and evil, or right and wrong, as it is usually referred to. If you are satisfied beyond a reasonable doubt that the defendant committed the offense charged in the bill of indictment, and you are satisfied beyond a reasonable doubt that at the time he committed the offense, if you find that he committed it, as before explained to you, that he was of sufficient mental capacity—possessed sufficient intelligence, and was of sufficient maturity, to distinguish between right and wrong—good and evil, then it would be your duty to find the defendant guilty of the offense charged in the bill of indictment. If you are not satisfied beyond a reasonble doubt that he was of sufficient maturity and possessed of sufficient mental capacity to distinguish between right and wrong—good and evil, then it would be your duty to acquit the defendant, although you might find that the offense charged against him in the bill of indictment was actually committed by him."

It is insisted that this charge does not give the defendant the benefit of the law applicable in this case, as set out in section 33 of the Penal Code, and as construed in the cases of *Ford* v. *State,* 100 *Ga.* 63 (supra), and *Brown* v. *State,* 12 *Ga. App.* 722 (supra), in that nowhere in the charge was the jury instructed that the burden was upon the State to show that the defendant knew right from wrong and was capable of committing crime. From an examination of the general charge we find that the court instructed the jury (although not in the immediate connection of the above-quoted charge) : "Now the finding of a bill of indictment raises no presumption against the person accused in the indictment; and the defendant in this case enters upon his trial with the presumption of innocence standing in his favor, as a matter of law. This presumption continues with him from the beginning throughout the length of the trial, and demands that he be acquitted unless his guilt shall be made to appear to the satisfaction of the jury beyond a reasonable doubt, the burden being always upon the State of Georgia to satisfy the minds and consciences of the jury of the guilt of the defendant beyond a reasonable doubt, before a conviction would in any event be authorized." I am of the opin-

ion that in view of the above, and of the entire charge, the court did not err in refusing the request to charge. See, in this connection, *Thomas* v. *State,* 129 *Ga.* 419 (4), 423 (59 S. E. 246); *Barnes* v. *State,* 113 *Ga.* 189 (2) (38 S. E. 396); *Turner* v. *State,* 139 *Ga.* 593 (2) (77 S. E. 828). I am also of the opinion that the instruction as given, quoted above, was in substantial compliance with the rule laid down in *Ford* v. *State* and *Brown* v. *State,* supra. The facts of those cases were different from the facts of the present case.

In 10 R. C. L. 897, § 45, it is said: "The term 'burden of proof' has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which it arises; by the other is meant the duty of producing evidence at the beginning, or at any subsequent stage of the trial, in order to make or meet a prima facie case. . . In criminal cases, the burden of proof never shifts, but rests on the prosecution throughout. The accused is presumed to be innocent until his guilt is established, and the prosecutor must establish, *beyond a reasonable doubt* (italics the writer's), every element of guilt, or the accused must be acquitted; hence, the burden of proof is never upon the accused." For a discussion of the question of shifting the burden of proof in a criminal prosecution, see 8 R. C. L. 171, § 164. The case of *Ford* v. *State,* supra, is not in point. That case was brought to this court solely on the usual general grounds and on one special ground based on certain newly discovered evidence, which latter ground was not passed upon by this court. The charge of the court was not complained of, nor a refusal to charge. Indeed the original record in the case, which the writer has examined, does not contain the charge of the court at all. The positive evidence in that case merely showed that the defendant was eight years old, and by inference from other witnesses a little older; the corpus delicti was proved, etc. That is all; and on that record, this court merely laid down the rule as follows: "A person under the age of ten years is incapable of committing any criminal offense. Penal Code, § 34. A person between the ages of ten and fourteen years can not be lawfully convicted of a crime of misdemeanor unless it appears from the evidence that he was *capax doli,* and the burden of proving that he was so rests upon the State. Penal

Code, § 33, and cases cited. . . It being doubtful, under the evidence introduced in the present case, whether the accused was above the age of ten at the time the alleged offense was committed, and certain that he had not then attained the age of fourteen, and the evidence not showing that he knew 'the distinction between good and evil,' the verdict of guilty was contrary to law, and there should be a new trial." The charge of the court in the present case is much stronger in favor of the defendant than that insisted on in the requested charge which the court refused. The court told the jury that the burden was always on the State to satisfy the minds and consciences of the jury of the guilt of the defendant "beyond a reasonable doubt," before they would be authorized to convict.

In *Thomas* v. *State*, supra, Mr. Justice Evans in delivering the opinion of the court said: "The court delivered to the jury a very comprehensive instruction on the subject of reasonable doubt. He very clearly stated that if, after considering the entire case, the jury should have a reasonable doubt of the defendant's guilt, it was their duty to return a verdict of not guilty. He did not in hæc verba instruct the jury that the burden of proving the defendant guilty rested upon the State; and this verbal omission is alleged as error. The law regards substance more than form. The instruction given embraces the proposition that the burden of proof is upon the State, and that the evidence must show the defendant's guilt beyond a reasonable doubt, before a conviction could be had. After defining what was a reasonable doubt the court added that the reasonable doubt of the law is one that grows out of the evidence. This addendum is criticised as excluding an inference that such a doubt may arise from the want of evidence or the conflict in evidence. The law required that the evidence shall show the guilt of the accused beyond a reasonable doubt; if the evidence be not of this degree of strength it raises a reasonable doubt of guilt. So, after all, the reasonable doubt grows out of a consideration of the evidence, its sufficiency or conflicting character. *Long* v. *State*, 38 *Ga.* 491; *O'Dell* v. *State*, 120 *Ga.* 152 [47 S. E. 577]." The evidence for the State in the present case does show, as it did not in the *Ford* case, that the defendant knew right from wrong, good from evil. The State in the present case carried the burden; and the court properly instructed the jury that the burden was on

the State to prove the defendant's guilt beyond a reasonable doubt, etc., before he could be convicted. It has been held repeatedly by this court that where the trial court has fairly and fully instructed the jury on a given subject, it is not error to deny requests to charge on that subject, varying from the charge only in the mode of expression, and not in substance. *Turner* v. *State,* (supra) ; *Perdue* v. *State, 126 Ga.* 112 (54 S. E. 820). It is wearing a technicality to a frazzle to say that the language of the request should have been given instead of the general charge of the court as actually given. The difference is the difference between "tweedledum and tweedledee." The truth is, the charge of the court as given is perhaps broader and more favorable to the defendant than the request to charge, and consequently he has no just cause to complain.

The term "burden of proof" is used in different senses. Sometimes it is used to signify the burden of meeting a prima facie case, and sometimes the burden of producing a preponderance of evidence. These two burdens are different things. 1 Words and Phrases, 905 ; 1 Bouvier's Law Dict. (Rawle's 3d ed.) 403 ; 16 C. J. 531, § 1000. The court charged twice that in order to convict the accused the jury must believe that the evidence showed "beyond a reasonable doubt" that he was capable of committing crime. One of the meanings of "burden of proof" is to prove "beyond a reasonable doubt," and in a criminal case, in the sense used here, the term "burden of proof" is equivalent to proving "beyond a reasonable doubt." Penal Code (1910), §§ 1012, 1013. Another meaning of "burden of proof" is when used in the ordinary civil case, where it is equivalent to the phrase "to prove by a preponderance of evidence." See 1 Words & Phrases, "Burden of Proof." Ordinarily, in criminal cases, it means to prove guilt "beyond a reasonable doubt." Penal Code (1910), § 1013. Where the special defense of alibi is set up, the burden is on the accused to prove his alibi, and in that case it is the same as "prove to the reasonable satisfaction of the jury." Penal Code (1910), § 1018. On a motion to nonsuit the burden is on the plaintiff to prove "a prima facie case," and in that instance the burden of proof means proof of "a prima facie case."

It follows from all of the above, that when the judge charged that before the jury could convict the accused the evidence must

show "beyond a reasonable doubt" that he was capable of committing crime, the instruction was much stronger, and more definite in favor of the accused, than if he had simply used the term the "burden of proof is upon the State," with its varied meanings.