29159.  CLEMMONS *v.* THE STATE.

DECIDED OCTOBER 4, 1941.

*McDonald & McDonald,* for plaintiff in error.

*Harvey L. Jay, solicitor-general pro tem.,* contra.

GARDNER, J.  Clemmons and one Jowers were jointly indicted and, by consent, tried together.  Separate verdicts of guilty were returned.  The evidence was the same as to each defendant.  Separate motions for new trial were filed, based on the general grounds and on four special grounds.

The evidence in substance showed that the filling-station of E. T. Stead was burglarized by breaking a window-pane, through which entrance was made into the building.  This breaking was discovered by the owner on Sunday morning, all other entrances to the building were fastened at the time of this discovery, and no entrance could have been made without a key except through this broken pane.  A pole ten or twelve feet long was standing near the broken pane.  The break in the pane was large enough to permit one of the defendants, with the assistance of the other, to pass through.  After thus entering, the door fasteners could be released from the inside and permit an entrance through the door.  It was alleged in the indictment that $4.70 in lawful money of the United States, twenty packages of chewing gum, and ten packages of peanut-butter crackers were stolen from the building.  Stead testified that he lost five or six dollars in silver money, among which was an old silver dollar; and that there were several more packages of chewing gum and crackers than were mentioned in the indictment; that the

crackers and chewing gum had no distinctive marks, nor had the money other than "the old silver dollar."

The filling-station was located in Fitzgerald, Georgia. The defendants were arrested on Sunday afternoon following the burglary in Ocilla, Georgia, by officers of Ocilla. The sheriff of the county of the burglary and the chief of police of Fitzgerald went for the defendants. The defendants confessed, according to the sheriff and the police of Fitzgerald and the chief of police of Ocilla, that they had broken into the filling-station with the pole, and that one of them had climbed into the store and opened the door and let the other in. The officers from Fitzgerald testified that the chief of police of Ocilla delivered to them all of the articles as alleged in the indictment, together with the old silver dollar; that in the presence of Stead and the officers the defendants stated that they had broken the window pane, entered the store, and taken therefrom the articles which the officers secured, including the old silver dollar. The officers and Stead testified that the statements of the defendants, both in Ocilla and in Fitzgerald, were, to the knowledge of the witnesses, freely and voluntarily made. The officers testified that the defendants expressed the desire to plead guilty, but were not permitted to do so. Both defendants stated that they knew nothing of the alleged crime, and that they had made no such confessions as those referred to above. The court overruled the motions for new trial and the defendants excepted.

1. The evidence as outlined above was sufficient to sustain the verdict on the general grounds.

2. Special grounds 1, 2, 3, and 4 concern exceptions to excerpts from the charge to the jury. We have studied the charge as a whole in the light of the evidence as dissected by the numerous assignments of error regarding the excerpts set forth in these several grounds. While it is doubtlessly true that there were some inaccuracies, as pointed out in these special grounds, when they are viewed in the light of the evidence and the charge of the court as a whole, after careful consideration we do not deem them severally or collectively of sufficient gravity to demand a reversal; neither do we think them of such moment as to require detailed discussion.

3. Ground 5 is of such moment and public concern that we deem it worth while to set it out in full, preceding our comment

thereon: "Movant shows that at the time said alleged offense was committed, and at the time of his trial hereunder, and at the present time, he was and is under fourteen years of age. That there would be no presumption that this defendant had sufficient mental capacity to commit a crime by reason of his age, and the burden would have been upon the State to have shown that this defendant had sufficient knowledge of the difference between right and wrong to commit a crime. Movant avers that by reason of his age he could not waive any of his rights, neither could his counsel waive any for him, and that he was entitled to have had the jury instructed as follows: 'Gentlemen of the jury, I charge you that when a person is under the age of fourteen years the law does not presume that such person is capable of knowing the difference between right and wrong. If it is shown that the defendant is under fourteen years of age, it is incumbent upon the State to prove beyond a reasonable doubt that the defendant knows the difference between right and wrong and is capable of committing a crime.' Movant shows that nowhere did the court charge the jury as above set out. Movant attaches hereto and makes a part of this motion his birth certificate, and marks the same exhibit A, which shows affirmatively that at the time said trial took place and at the time said alleged offense took place, and at the present time that he is only thirteen years of age. Movant avers that it was the duty of the court to have ascertained the age of this defendant and to have had the jury to determine the criminal responsibility of movant."

The question of the ages of the defendants was not raised during the trial, and no mention of their ages was made in the charge of the court. The first time their ages were brought into question is shown in this ground of the amended motion for new trial. The evidence attached to this ground proved beyond question that the defendants, both of them, were only thirteen years of age. Our law provides, (1) that an infant under the age of ten years "shall not be considered or found guilty of any crime or misdemeanor" (Code, § 26-302), and (2) it is further provided under our statutes and decisions that a child between the ages of ten and fourteen years is presumed to be incapable of committing any crime or misdemeanor, and the burden is on the State to prove the capacity of such infant to the effect that such infant knows the "distinction between good and evil." Code, § 26-301.

Counsel for the plaintiffs in error contend that since the evidence in this ground showed that the defendants were only thirteen years of age the burden was on the State to prove by specific evidence that they knew "the distinction between right and wrong;" that the infants could not waive this right, and that counsel who represented them at the trial (being different counsel from those prosecuting this motion) could not waive this right for them; and that since infants are wards of the court the judgments for reasons set out in this ground should be reversed. In support of this position are cited 30 C. J. 1178, note 80; 31 C. J. 1115; *Mallard* v. *State,* 28 *Ga. App.* 570 (112 S. E. 296); *Ford* v. *State,* 100 *Ga.* 63 (25 S. E. 845); *Brown* v. *State,* 12 *Ga. App.* 722 (78 S. E. 352); *Carroll* v. *State,* 18 *Ga. App.* 203 (89 S. E. 176). It will be noted, on reading the decisions of this court cited above and the *Ford* case, supra, that they are distinguishable by their facts from the case at bar. In the *Brown* case, supra, the question involved was the refusal of the court to give in charge a written request to the effect that the burden was on the State to prove that the infant was capax doli. In the *Carroll* and *Mallard* cases, supra, it appears from the original records which we have examined that there was evidence adduced to the effect that the infants were between the ages of ten and fourteen, and there was evidence of the State to the effect that they knew the distinction between right and wrong. In the *Ford* case the evidence was silent as to the age of the infant, but in the amended motion for new trial it appeared that the infant was under ten, or at least it appeared doubtful whether he was over ten. This was the controlling point in the *Ford* case.

The statute specifically says that infants under ten years of age are incapable of committing crime. In effect it is held that a conviction of such an infant is void. But our Supreme Court seems to have taken a different view with reference to infants between ten and fourteen, where the rule applies that the presumption is a rebuttable one. Being under ten raises a conclusive presumption of law. Being between ten and fourteen raises only a rebuttable presumption of fact. In a case almost identical with the one now under consideration with reference to an infant between the age of ten and fourteen our Supreme Court expressed this view as a policy and the law of this State, regardless of what might be the view in other jurisdictions. In *Broadnax* v. *State,* 100 *Ga.* 62 (25 S. E.

844), the court held: "There was no evidence at the trial showing the age of the accused, or that on account of his tender years he was mentally incapable of committing a crime, and therefore he was presumptively capax doli; the evidence for the State was sufficient to warrant the conviction; and the ground of the motion for a new trial relating to newly discovered evidence is without legal merit." By reference to this case it will be observed that the infant there in question was eleven years old, and the question was raised in the same manner as the question was raised in the instant case. In the *Broadnax* case, supra, and in the case at bar no evidence was adduced at the trial as to the age of the defendant, and the question of age appeared for the first time, as to the exact age, in the amended motion for new trial. In both of these cases the ages appeared to be during that period between ten and fourteen when the defendants may or may not, under the statute, know the distinction between right and wrong. Under ten, the statute says they do not know. This seems to be the distinction which our courts have drawn in the cases above cited, and since it has been so drawn, this court is bound thereby.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*