42439.  MILES v. HARRISON, by Next Friend, et al.

ARGUED NOVEMBER 9, 1966—DECIDED JANUARY 20, 1967—
REHEARING DENIED FEBRUARY 3, 1967

145

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., K. W. Gilchrist,* for appellant.

*R. M. Reed, D. B. Howe, Perren & Lane, Berl T. Tate,* for appellees.

JORDAN, Judge. ■ "A person who intrusts another with a dangerous instrument or article, under such circumstances that he has reason to know that it is likely to produce injury, is liable for the natural consequences of his act." 65 CJS 949, Negligence, § 69. Succinctly stated, the petition in this case against defendant Miles is predicated on the theory that Miles is liable for the consequences of his act in knowingly permitting the use of his rotary lawn mower by another under foreseeable conditions whereby the mower while so being used was a dangerous instrumentality likely to produce injuries. This court has held that a petition against the owner of a truck for personal injuries sustained by its negligent operation is good against a general demurrer, where the owner knowingly permitted its operation by an inexperienced, reckless, and incompetent driver, age about 13, having reason to foresee that such a driver would operate the vehicle in a manner dangerous and menacing to persons using the streets. *NuGrape Bottling Co. v. Knott,* 47 Ga. App. 539 (171 SE 151). To the same effect, see *Burks v. Green,* 85 Ga. App. 327, 329 (69 SE2d 686), and cases cited therein. Actual and not constructive knowledge is essential. *Hines v. Bell,* 104 Ga. App. 76, 82 (120 SE2d 892). The *Burks* case, supra, at pp. 330, 331, recognized that although an automobile is not per se a dangerous instrumentality (*Fielder v. Davison,* 139 Ga. 509 (77 SE 618)), it could become

one in the hands of an incompetent operator, and that liability of the owner arises because of his negligence in permitting the use under such conditions, and, as was also true in the *NuGrape* case, supra, not by application of the doctrine of respondeat superior to the relationship of the owner and operator. See 60 CJS 1057, Motor Vehicles, § 431. For application of these principles we see no distinction between an automobile and a "Jacobsen riding rotary lawn mower" described in the petition in the present case. Either may be a dangerous instrumentality when used by an incompetent operator, and the owner becomes liable for the consequences of his negligent act in knowingly permitting the use by such an operator. This situation distinguishes itself from that in *John Deere Plow Co. v. Johnson,* 98 Ga. App. 36 (105 SE2d 33), involving deficiencies in pleading a cause of action when an unknown child or children started an unattended tractor. The case of *Graham v. Cleveland,* 58 Ga. App. 810 (200 SE 184), cited and relied upon by defendant Miles as authority to reverse the ruling on general demurrer, for want of agency between the operator of the vehicle, a parking lot employee, and the owner, and lack of knowledge that the driver was incompetent, is inapplicable to the present case, except to the extent that the opinion (p. 815) recognizes owner liability for the operation of an automobile outside the doctrine of respondeat superior when with actual knowledge the owner permits operation by an operator incompetent by reason of age, want of experience, physical or mental condition, or recklessness. As against general demurrer the allegations of the petition in the case sub judice are sufficient to show that Miles, as one of the owners of the Jacobsen riding rotary lawn mower, is liable for the consequences of his act in knowingly permitting the son, age 6, of the other owner, at least presumptively incompetent by reason of his age, to operate the mower under conditions likely to produce injury, that is, without adult supervision and with knowledge of conditions whereby the mower might propel rocks and cause injuries.

In reaching this result we have also considered the case of *Herrin v. Lamar,* 106 Ga. App. 91 (126 SE2d 454), an action

on behalf of a minor against the parents of another minor for injuries caused when the minor plaintiff was run over and injured by a riding rotary lawn mower being operated by defendant's minor daughter, age 10, in the presence of and under instructions of the defendant wife. In that case this court determined that the allegations of negligence in permitting such a child of tender years to use the mower, knowing of the presence of the other child, and in furnishing such a mower to the daughter and permitting her to use it under the circumstances shown, where the daughter clearly failed to exercise ordinary care, supported a cause of action against the parents good against a general demurrer, under agency principles where it could not be said that the parents, with the wife acting as the agent of her husband, were in no way connected with, or did not ratify or gain any benefit from the activities of this daughter. While the agency aspect of that case supports the result reached, its absence does not warrant a different result in this case, for though it may be conceded that no agency relationship existed between the appellant in the present case and the other owner's minor child, the appellant's duty is primarily that of an owner exercising control of his personal property which could foreseeably become a dangerous instrumentality and cause injury when placed in the hands of an incompetent operator.

■ One paragraph of the petition alleges that Mark Phillips was operating the lawn mower negligently and without due regard for the safety of plaintiff. The trial judge overruled a special demurrer and motion to strike this allegation. Appellant contends that Mark Phillips, by reason of his age, was incapable of negligence, relying upon *Riggs v. Watson,* 77 Ga. App. 62 (47 SE2d 900), in which it was held that a child 5 years, 2 months, and 25 days old could not be charged with failure to exercise due care for his own safety or with contributory negligence. There the court was concerned with whether the acts of a child of such tender age could be used to defeat or diminish recovery in an action for the wrongful death of the child. To insist in the present case that the child, age 6, was incapable of negligence, only serves to emphasize

that such a person is not a competent operator of a riding rotary lawn mower. As was pointed out in the *Burks* case, supra, p. 331, the injurious conduct of the operator resulting from his incompetency is a necessary· factor in the liability of the owner. This is directly applicable to this case, irrespective of whether the injurious conduct which brought about the injury was deliberate, as alleged in one paragraph of the petition, or· negligent as alleged in the paragraph under attack. The gist of the action against the owner is the owner's tortious conduct in knowingly furnishing the instrumentality as a means for the injurious conduct of the incompetent operator. E. g., in *Davis v. Gavalas,* 37 Ga. App. 242 (139 SE 577), ·the injured party actually alleged that the child, age 5, was incapable of negligence, and while the court determined that no action would lie against the child, his injurious conduct afforded the basis for determining that a cause of action was set out against the parent, who furnished the velocipede and knowingly permitted the child to ride on a public sidewalk at night, where, as reported in the case, the allegations, inter alia, were to the effect that he "used the vehicle and *negligently* collided with the plaintiff."

*Code* § 105-1806 prohibits infancy as a defense to a tort action, if the defendant has arrived at the age of discretion and accountability prescribed for criminal offenses. *Code* § 26-301 fixes criminal responsibility at age 14, or before that age if the child can distinguish between good and evil. *Code* § 26-302 bars conviction for a crime or misdemeanor of a child under the age of 10 years, "whose tender age renders it improbable that he should be impressed with a proper sense of moral obligation, or be possessed of sufficient capacity deliberately to have committed the offense." The courts of this state interpret *Code* § 26-302 to mean that a child below age 10 is totally incapable of committing any criminal offense. See *Ford v. State,* 100 Ga. 63 (1) (25 SE 845), involving a child of doubtful age; *Mallard v. State,* 28 Ga. App. 570 (1) (112 SE 296), where the record but not the opinion discloses evidence that the child was between 10 and 14; *Clemmons v. State,* 66 Ga. App. 16, 19 (16 SE2d 883), where the child was

probably 13; and *Canton Cotton Mills v. Edwards,* 120 Ga. 447 (1) (47 SE 937).

None of the above cases, however, involves a direct holding under facts positively establishing the age of the child as below 10, but there are numerous holdings on the necessity of evidence to establish capacity for a child between 10 and 14, in order to hold the child criminally responsible. See cases annotated under *Code* § 26-301, catchword "Child."

*Code* § 105-204 defines due care for a child of tender years in terms of the capacity, mental or physical, for exercising such care in the actual circumstances of the occasion and situation under investigation, without specifying any arbitrary age limitations. Notwithstanding those judicial determinations absolutely barring criminal responsibility below age 10, supra, based on *Code* § 26-302, and the equation of tort responsibility to criminal responsibility, based on *Code* § 105-1806, the courts of this state in general have held, consonant with the provisions of *Code* § 105-204, that the capacity of a child, age 7 or above, to appreciate danger and exercise some degree of care, is a matter of fact for jury determination. *Simmons v. Atlanta & W. P. R. Co.,* 46 Ga. App. 93 (5d) (166 SE 666) and cases cited. *Faith v. Massengill,* 104 Ga. App. 348, 352 (121 SE2d 657), and cases cited. The courts have consistently held that a child, age 6 and under, is incapable as a matter of law of contributory negligence. *Faith v. Massengill,* supra, and cases cited.

We do not consider these holdings as barring a further determination that the conduct of a child of tender years, age 6 in this case, may not be termed negligent, in the sense of denoting a course of conduct for which another is being charged with liability, where the other person was under a duty to foresee such conduct and injury resulting therefrom. The *Davis* case, supra, clearly recognized that the conduct of a child, age 5, could be so termed.

■ Various special demurrers and motions to strike portions of the original petition and the petitions as amended are directed to allegations that the lawn mower was being used by Mark Phillips with the knowledge and permission of defendant

Miles, without any allegation showing any right or duty of Miles to restrict the use of the mower by Mark Phillips. Miles, as an alleged co-owner, had the right and duty to control the use of the mower by a third party, in the absence of any allegations disclosing a relationship whereby he had relinquished such right and duty exclusively to the other owner or another person. The duty, as an owner, to control an instrumentality which foreseeably could produce injuries in the hands of an incompetent operator is paramount, and the existence of a parent-child relationship between the other owner and the child operator, which may involve additional duties, does not extinguish this duty, nor does it interfere with the parent-child relationship, for it involves direct control of the chattel and not the child. The contentions of the appellant in this respect are without merit.

■ Other special demurrers and motions to strike are directed to allegations of negligence in failing to anticipate that Mark Phillips would operate the lawn mower where rocks had washed onto the Phillips' lawn from the Miles' driveway, and to allegations of negligence in permitting rocks to be washed or otherwise deposited from his driveway on the Phillips' property. It is contended that such allegations disclose acts which, from the standpoint of negligence, are beyond the realm of foreseeability, particularly in that one paragraph of the petition shows that the rocks may have been thrown onto the yard by persons unknown. Regardless of how the rocks were deposited on the Phillips' lawn, the petition shows that Miles knew of the presence of the rocks on the lawn, and knew or permitted Mark Phillips to operate the mower. "The most common test of negligence is whether the consequences of the alleged wrongful act are reasonably to be foreseen as injurious to others coming within range of such acts, and what is reasonably to be foreseen is generally a question for the jury. . . The question for the jury is whether danger should have been recognized by common experience, or by the special experience of the alleged wrongdoer, or by a person of ordinary prudence and foresight." *Thomas v. Williams*, 105 Ga. App. 321, 326 (124 SE2d 409), and cases cited therein. "The rule well affirmed

by the authorities is that under the law a person is required to anticipate or foresee and guard against what usually happens or is likely to happen; but this rule does not require him to anticipate or foresee and provide against that which is unusual and not likely to happen, or, in other words, that which is only remotely and slightly probable. The general test in such cases is not whether the injurious result or consequence was possible, but whether it was probable; that is, likely to occur according to the usual experience of persons. A wrongdoer cannot be held responsible according to occasional experience, but only for a result of consequence which is probable according to the ordinary and usual experience of mankind." *Whitaker v. Jones &c. Co.*, 69 Ga. App. 711, 716 (26 SE2d 545); *Southern Mills v. Newton*, 91 Ga. App. 738, 740 (87 SE2d 109). These principles were clearly recognized in *Taylor v. Atlanta Gas Light Co.*, 93 Ga. App. 766 (92 SE2d 709), cited and relied on by appellant. There, although the manner of injury was substantially the same as in the case here, in that a lawn mower blade propelled a piece of pipe, the court was of the opinion that the allegations of the petition failed to show that the defendant gas company whose employees allegedly left the pipe on the lawn should reasonably have anticipated injury, or that the pleaded facts disclosed any duty to the plaintiff, under circumstances where there was an intervening cause over which defendant had no control. We think that the alleged conduct of Miles in failing to anticipate that Mark Phillips would operate the mower where rocks had washed onto the Phillips' lawn, and in permitting such rocks to be washed or otherwise deposited on the lawn, knowing that operation of the lawn mower in the area by a child of tender years might cause injury, are sufficient to raise issues for jury determination of actionable negligence.

■ The trial judge did not err in overruling Miles' general and special demurrers to the petition, including motions to strike parts of the petition.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*